IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 12, 2018

## JOHN DOE, BY HIS NEXT FRIEND JANE DOE v. BRENTWOOD ACADEMY INC., ET AL

**Appeal from the Circuit Court for Williamson County**
**No. 2017-435, 2017-472    Deanna B. Johnson, Judge**

_____

### No. M2018-00668-COA-T10B-CV

_____

A Tennessee Supreme Court Rule 10B petition for recusal appeal was filed in this Court after the trial court denied a motion for recusal.  Because the petition for recusal appeal was not timely filed in accordance with Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Justin Gilbert, Chattanooga, Tennessee, for the appellant, Jane Doe.

Darrell Townsend, Nashville, Tennessee, for the appellant, Justin Gilbert.[1]

Thomas Anthony Swafford and Lucian T. Pera, Nashville, Tennessee, Tara L. Swafford and Elizabeth G. Hart, Franklin, Tennessee, for the appellees, Buddy Alexander, Nancy Brasher, Brentwood Academy, Inc., Lyle Husband, Curt Masters, and Mike Vazquez.

Elizabeth A Russell, Franklin, Tennessee, for the appellees, KM1, KM2, and CM.

Edward P. Silva, Franklin, Tennessee, for the appellees, BD, ED, and CD.

---

[1] The recusal motion filed in the trial court was asserted on behalf of attorney Gilbert's client *and* attorney Gilbert himself.  Although it is not completely clear, attorney Gilbert evidently sought recusal in his personal capacity due to the entry of a show cause order by the trial court that was directed against him as a respondent.

Philip D. Irwin and Marie T. Scott, Nashville, Tennessee, for the appellees, JG, DG, and RG.

## OPINION

This appeal, which follows the Williamson County Circuit Court's denial of a recusal motion, is governed by Tennessee Supreme Court Rule 10B. Under that rule, if a trial court judge enters an order denying a motion for the judge's disqualification or recusal, a party is entitled to an "accelerated interlocutory appeal as of right." Tenn. Sup. Ct. R. 10B, § 2.01. Such an appeal is effected by the filing of a petition for recusal appeal in the appropriate appellate court "within twenty-one days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. It should be noted that this time period for filing a petition for recusal appeal is jurisdictional and cannot be extended. Tenn. Sup. Ct. R. 10B, § 2.08.

In this case, because the trial court's order denying the motion for recusal was entered on March 20, 2018, a petition for recusal appeal should have been filed in this Court on or before April 10, 2018. However, the instant petition for recusal appeal was not filed until April 11, 2018. Given the jurisdictional mandate in Tennessee Supreme Court Rule 10B section 2.02, we lack subject matter jurisdiction over the belatedly-filed petition. Accordingly, this appeal is dismissed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE